**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDWARD PENDERGRASS<br>*Plaintiff*<br><br>vs.<br><br><br>LINCOLN DODGE, INCORPORATED, and ROBERT J. CAMPELLONE, Alias, Individually And in his capacity as President, JOHN DOE, alias, JOSEPH DOE, alias, FIRST EXTENDED SERVICE CORPORATION and DAIMLER CHRYSLER FIANACIAL SERVICES AMERICAS, LLC.<br>*Defendants* | : | C.A. No.: 07-338S |

**DEFENDANT LINCOLN DODGE'S ANSWER TO PLAINTIFFS' COMPLAINT**

Defendant, LINCOLN DODGE, INCORPORATED ("Lincoln Dodge") hereby responds to the allegations contained in the Plaintiff's Complaint as follows:

## I - INTRODUCTION

1. Lincoln Dodge denies the allegations contained in Section I, Paragraph 1.

## II - JURISDICTION

2. Lincoln Dodge maintains that the allegations contained in Section II, Paragraph 2 amount to a statement of law. As such Lincoln Dodge leaves Plaintiff to its burden to proof the satisfaction of the jurisdictional requisites of this court.

## III - PARTIES

3. Lincoln Dodge is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section III, Paragraph 3 of Plaintiff's Complaint.

4. Lincoln Dodge admits that it is a Domestic Profit Corporation organized pursuant to the laws of the State of Rhode Island. Lincoln Dodge also admits that it maintains its business activities at 618 George Washington Highway, Lincoln, Rhode Island.

5. Lincoln Dodge admits that Robert J. Campellone serves as the president of the corporate entity known as Lincoln Dodge.

6. Lincoln Dodge denies the allegations contained in Section III, Paragraph 6 of Plaintiff's Complaint.

7. Lincoln Dodge denies the allegations contained in Section III, Paragraph 7 of Plaintiff's Complaint.

8. Lincoln Dodge neither admits nor denies the allegations contained in Section III, Paragraph 8 insofar as the allegations relate to another named Defendant. To the extent that this paragraph describes Lincoln Dodge's "representation" of the other named Defendant, Lincoln Dodge denies that allegation.

9. Lincoln Dodge neither admits nor denies the allegations contained in Section III, Paragraph 9 insofar as the allegations relate to another named Defendant.

## IV – STATEMENT OF FACTS

10. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 10 of Plaintiff's Complaint.

11. Lincoln Dodge admits that its representative executed the Odometer Disclosure Statement in good faith reliance upon the documents it received as part of its purchase of the vehicle and the mileage shown on the vehicle. Lincoln Dodge admits that Exhibit 3 is a copy of the Odometer Disclosure Statement.

12. Lincoln Dodge admits that its representative executed the Odometer Disclosure Statement in good faith reliance upon the documents it received as part of its purchase of the vehicle and the mileage shown on the vehicle. Lincoln Dodge admits that Exhibit 3 is a copy of the Odometer Disclosure Statement.

13. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 13 of Plaintiff's Complaint.

14. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 14 of Plaintiff's Complaint.

15. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 15 of Plaintiff's Complaint.

16. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 16 of Plaintiff's Complaint.

17. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 17 of Plaintiff's Complaint.

18. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 18 of Plaintiff's Complaint.

19. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 19 of Plaintiff's Complaint.

20. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 20 of Plaintiff's Complaint.

21. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 21 of Plaintiff's Complaint.

22. Lincoln Dodge denies taking possession of Plaintiff's vehicle. Lincoln Dodge admits that Plaintiff abandoned his vehicle on the premises of Lincoln Dodge.

23. Lincoln Dodge maintains that the allegations contained in Section IV, Paragraph 23 concern another named Defendant. Therefore, Lincoln Dodge neither admits nor denies the allegations contained in Section IV, Paragraph 23.

24. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section IV, Paragraph 24 of Plaintiff's Complaint.

25. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section IV, Paragraph 25 of Plaintiff's Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Section IV, Paragraph 26 of Plaintiff's Complaint.

27. Lincoln Dodge denies the allegations contained in Section IV, Paragraph 27 of Plaintiff's Complaint.

## V – COUNT I

10. Lincoln Dodge repeats and incorporates by reference each response to Paragraphs 1 through 27 as if fully set forth herein.

11. Lincoln Dodge denies the allegations contained in Section V, Count I, Paragraph 11 of Plaintiff's Complaint.

12. Lincoln Dodge denies the allegations contained in Section V, Count I, Paragraph 12 of Plaintiff's Complaint.

13. Lincoln Dodge denies the allegations contained in Section V, Count I, Paragraph 13 of Plaintiff's Complaint.

14. Lincoln Dodge denies the allegations contained in Section V, Count I, Paragraph 14 of Plaintiff's Complaint.

WHEREFORE, Defendant LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

## VI – COUNT II

15. Lincoln Dodge repeats and incorporates by reference each of its responses to all sections and paragraphs as fully set forth herein.

16. Lincoln Dodge denies the allegations contained in Section VI, Count II, Paragraph 16.

17. Lincoln Dodge denies the allegations contained in Section VI, Count II, Paragraph 17.

18. Lincoln Dodge denies the allegations contained in Section VI, Count II, Paragraph 18.

19. Lincoln Dodge denies the allegations contained in Section VI, Count II, Paragraph 19.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

## VII – COUNT III

20. Lincoln Dodge repeats and incorporates by reference its responses to all sections and paragraphs as fully set forth herein.

21. Lincoln Dodge denies the allegations contained in Section VII, Count III, Paragraph 21.

22. Lincoln Dodge denies the allegations contained in Section VII, Count III, Paragraph 22.

23. Lincoln Dodge denies the allegations contained in Section VII, Count III, Paragraph 23.

24. Lincoln Dodge denies the allegations contained in Section VII, Count III, Paragraph 24.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

**VIII – COUNT IV**

25. Lincoln Dodge repeats and incorporates by reference its responses to all sections and paragraphs as fully set forth herein.

26. Lincoln Dodge denies the allegations contained in Section VIII, Count IV, Paragraph 26.

27. Lincoln Dodge denies the allegations contained in Section VIII, Count IV, Paragraph 27.

28. Lincoln Dodge denies the allegations contained in Section VIII, Count IV, Paragraph 28.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

**VIII – COUNT V**

29. Lincoln Dodge repeats and incorporates by reference its responses to all sections and paragraphs as fully set forth herein.

30. Lincoln Dodge denies the allegations contained in Section VIII, Count V, Paragraph 30.

(*Plaintiff Complaint skips paragraphs numbered 31 and 32 within the "Count" section*)

33. Lincoln Dodge denies the allegations contained in Section VIII, Count V, Paragraph 33.

34. Lincoln Dodge denies the allegations contained in Section VIII, Count V, Paragraph 34.

35. Lincoln Dodge denies the allegations contained in Section VIII, Count V, Paragraph 35.

36. Lincoln Dodge denies the allegations contained in Section VIII, Count V, Paragraph 36.

37. Lincoln Dodge denies the allegations contained in Section VIII, Count V, Paragraph 37.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

**IX – COUNT V**

38. Lincoln Dodge repeats and incorporates by reference its responses to all sections and paragraphs as fully set forth herein.

39. Lincoln Dodge denies the allegations contained in Section IX, Count V, Paragraph 39.

40. Lincoln Dodge denies the allegations contained in Section IX, Count V, Paragraph 40.

41. Lincoln Dodge denies the allegations contained in Section IX, Count V, Paragraph 41.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

**X – COUNT VII**

42. Lincoln Dodge repeats and incorporates by reference its responses to all sections and paragraphs as fully set forth herein.

43. Lincoln Dodge denies the allegations contained in Section X, Count VII, Paragraph 43.

44. Lincoln Dodge denies the allegations contained in Section X, Count VII, Paragraph 44.

45. Lincoln Dodge denies the allegations contained in Section X, Count VII, Paragraph 45.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

**XI – COUNT VII**

46. Lincoln Dodge repeats and incorporates by reference its responses to all sections and paragraphs as fully set forth herein.

47. Lincoln Dodge denies the allegations contained in Section XI, Count VII, Paragraph 47 of Plaintiff's Complaint.

48. Lincoln Dodge denies the allegations contained in Section XI, Count VII, Paragraph 48 of Plaintiff's Complaint.

49. The allegations contained in Section XI, Count VII, Paragraph 49 of Plaintiffs' Complaint are not directed at Lincoln Dodge. To the extent that the allegations contained within Section XI, Count VII, Paragraph 49 ascribe a claim against Lincoln Dodge, they are denied.

50. The allegations contained in Section XI, Count VII, Paragraph 50 of Plaintiffs' Complaint are not directed at Lincoln Dodge. To the extent that the allegations contained within Section XI, Count VII, Paragraph 50 ascribe a claim against Lincoln Dodge, they are denied.

51. The allegations contained in Section XI, Count VII, Paragraph 51 of Plaintiffs' Complaint are not directed at Lincoln Dodge. To the extent that the allegations contained within Section XI, Count VII, Paragraph 51 ascribe a claim against Lincoln Dodge, they are denied.

WHEREFORE, Defendant, LINCOLN DODGE, INCORPORATED demands judgment dismissing the Complaint, and for their costs, attorney's fees, and for any other or further relief which the Court deems equitable and just.

## AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief may be granted based upon Plaintiff's breach of the warranty agreement evidenced by his failure to secure the agreement consistent with the agreement.

2. The injuries allegedly suffered by Plaintiff, if any, were caused in whole or in part by her own negligence and carelessness, either individually or collectively, and/or the negligence and carelessness of another person for whose conduct Defendant is not liable; therefore, Plaintiff should not recover from Defendant, or the recovery should be reduced by the proportionate share of comparative negligence.

3. Plaintiff's Complaint fails to name or join indispensable, necessary, and proper parties, as set forth in F.R.C.P. 19.

4. Plaintiff's Complaint against the Defendant is barred by the doctrine of accord and satisfaction.

5. The cause of action set forth in Plaintiff's Complaint is barred or limited by the terms of Magnuson-Moss Federal Trade Commission Warranty Improvement Act, the relevant portions of which are incorporated by reference herein, and made a part hereof, as fully as though set forth at length.

Pursuant to F.R.C.P. 14, Defendant reserves the right to file a Third-Party Complaint within the next ten (10) days.

**JURY DEMAND**

Defendant, LINCOLN DODGE, INCORPORATED, demands a trial by jury to the fullest extent allowed by law.

Defendants,
By their Attorney,

/s/ Steven T. Hayes
Steven T. Hayes (#6017)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110
(401) 421-7111 Fax

**CERTIFICATION OF SERVICE**

I hereby certify that on the 29th day of November, 2007 I caused the original of the within Answer to be e-filed to the Clerk of the United States District Court for the District of Rhode Island and a true copy sent to: **Edward G. Lawson, Jr., Esq.**, 260 Lonsdale Avenue, Pawtucket, RI 02860 via first-class pre-paid postage.

/s/ Steven T. Hayes
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.