**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EDWARD PENDERGRASS<br>*Plaintiff*<br><br>vs.<br><br>LINCOLN DODGE, INCORPORATED, and ROBERT J. CAMPELLONE, Alias, Individually And in his capacity as President, JOHN DOE, alias, JOSEPH DOE, alias, FIRST EXTENDED SERVICE CORPORATION and DAIMLER CHRYSLER FIANACIAL SERVICES AMERICAS, LLC.<br>*Defendants and Third Party Plaintiffs*<br><br>vs.<br><br>Y & O AUTO SALES, INC. and MANHEIM AUTO AUCTION<br>*Third Party Defendants* | : | C.A. No.: 07-338S |

**THIRD-PARTY COMPLAINT OF DEFENDANT LINCOLN DODGE INCORPORATED AGAINST MANHEIM AUTO AUCTION AND Y & O AUTO SALE, INC.**

1. Defendant and Third-Party Plaintiff, LINCOLN DODGE, INCORPORATED ("Lincoln Dodge") is a Domestic Profit Corporation organized pursuant to Rhode Island.

2. Plaintiff Edward Pendergrass has filed a Complaint against Lincoln Dodge, a copy of which is attached hereto, made a part hereof, and marked as Exhibit "A".

3. Third-Party Defendant Manheim Auto Auction ("Manheim") is a business corporation with a principal place of business located at 1190 Lancaster Road, Manheim, Pennsylvania, 17545.

4. Through its advertisements, on-line activities, and off-site auction business, Manheim does business throughout the United States, including business with automobile dealerships located in Rhode Island.

5. Manheim is a provider of vehicle services that supports sellers and buyers of used vehicles through, among other things, an auction of used vehicles.

6. Third-Party Defendant, Y & O Auto Sale, Inc., ("Y&O Auto") is a business corporation with a principal place of business located at 2345 Highway 9, Toms River, New Jersey. Y&O Auto Sale regularly conducts business in New Jersey, Pennsylvania, and, with respect to the facts of this case, conducted business with a Rhode Island automobile dealership.

7. Y&O is an automobile dealer, retailer and/or wholesaler which engages in the sale and/or resale of, among other things, used vehicles either directly to a consumer or indirectly to a consumer through the use of an auction house.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over the subject matter of this case due to Plaintiff's claim under the Federal Motor Vehicle and Costs Saving Act (hereinafter "Odometer Requirements Act") 49 U.S.C.§3207 et seq. and pendent state law claims pursuant to 28 U.S.C. §1367.

9. Venue lies in this district pursuant to 28 USC §1391.

10. Manheim is subjected to this jurisdiction by virtue of its minimum contacts established through its advertisement, on-line activities, and regular and continues business dealings with Rhode Island-based automobile dealerships, consumers, and retailers.

11. Y&O Auto is subjected to this jurisdiction by virtue of its minimum contacts established by its sale of the subject motor vehicle to a Rhode Island consumer and its regular business contacts with Rhode Island consumers.

## FACTS

12. This matter arises out of the purchase and sale of a 2002 Dodge Durango (hereinafter "Plaintiff's Vehicle") that occurred on or about August 14, 2004. See Exhibit "A").

13. The Plaintiff's Vehicle was sold by LINCOLN DODGE INCORPORATED (hereinafter "Lincoln Dodge") to Edward Pendergrass (hereinafter "Plaintiff"). Exhibit "A".

14. Lincoln Dodge obtained the Plaintiff's Vehicle at Manheim on or about February 26, 2004. See Bill of Sale from Manheim dated February 26, 2004, attached hereto, made a part hereo, and marked as Exhibit "B". After purchasing the Plaintiff's Vehicle from Manheim, Lincoln Dodge added it to its existing stock for resale to the general public.

15. When the Plaintiff's vehicle was purchased by Lincoln Dodge, it was sold with a verification that it had Twenty Three Thousand Five Hundred and Seventy Six (23,576) miles on it by its prior owner, Y&O Auto Sale, Inc. Exhibit "B".

16. Upon information and belief, a representative from Y&O Auto Sale, Inc., verified the mileage on the Plaintiff's Vehicle was Twenty Three Thousand Five Hundred and Seventy Six (23,576) by executing an odometer disclosure statement. Exhibit "B".

17. Lincoln Dodge relied upon the misrepresentation by Manheim, Y&O Auto Sale, Inc., and the odometer disclosure statements contained within the Bill of Sale to purchase and resell the Plaintiff's Vehicle.

18. Subsequent to the sale of the Plaintiff's Vehicle to the Plaintiff, Lincoln Dodge received the Complaint and became aware for the first time that the Plaintiff's vehicle may have had its odometer "rolled back" such that the mileage represented to Lincoln Dodge by Manheim and Y&O Auto Sale, Inc. was inaccurate.

19. At all times relevant hereto, Third-Party Defendants Manheim and Y&O Auto, which sold the Plaintiff's Vehicle to Lincoln Dodge, knowingly misrepresenting to Lincoln Dodge that its odometer had a correct reading of Twenty Three Thousand Five Hundred and Seventy Six (23,576) miles.

20. As a result of the knowing, fraudulent, negligent and/or reckless misrepresentation regarding the mileage on Plaintiff's Vehicle, Lincoln Dodge paid substantially more money for Plaintiff's Vehicle than its true worth, as well as incurring economic damages attributable to the defense of Plaintiff's lawsuit.

**COUNT I**
**(*Odometer Act Violation*:**
**Lincoln Dodge vs. Manheim and Y&O Auto Sale, Inc.)**

21. Lincoln Dodge hereby incorporates by reference paragraphs 1 though 20, inclusively, of its Third-Party Complaint as though fully set forth at length herein.

21. Third-Party Defendants Manheim and Y&O Auto violated the Odometer Requirements Act, 49 U.S.C. §32701 et. seq. ("Odometer Act") by facilitating the execution of a sworn odometer disclosure statement knowing or having reason to know that the mileage was inaccurate.

22. Third-Party Defendants Manheim and Y&O Auto did not disclose the true miles of the Plaintiffs' Vehicle and did not mark that the mileage was inaccurate or exceeded the miles shown.

23. Third-Party Defendants Manheim and Y&O Auto did not disclose the true miles of the Plaintiff's Vehicle and did not mark that the mileage was inaccurate or exceeded the miles shown.

24. Third-Party Defendants Manheim and Y&O Auto knowingly, fraudulently, or recklessly misrepresented the miles on the Plaintiff's Vehicle.

25. Lincoln Dodge as a consumer damaged by the Third-Party Defendants Manheim and Y&O Auto is authorized to bring a private cause of action for violations of the Odometer Requirements Act.

26. If Lincoln Dodge is found liable to the Plaintiff in any way, Lincoln Dodge is entitled to equitable indemnification and contribution from Third-Party Defendants, Manheim and Y&O Auto as a result of their violation of the Odometer Act.

WHEREFORE, Manheim Auto Auction and Y&O Auto Sale, Inc., are hereby joined as a additional defendants, and are alone liable, jointly and severally liable, or liable to original defendant, Lincoln Dodge, Incorporated, by way of contribution or equitable indemnification, as well as for damages and expenses incurred directly or indirectly by Lincoln Dodge, Incorporated, based upon their status as a consumer under the Odometer Act.

**COUNT II – (*Negligence*: Lincoln Dodge vs. Manheim & Y & O Auto)**

27. Lincoln Dodge hereby incorporates by reference paragraphs 1 through 26, inclusively, of this Third-Party Complaint, as fully as though set forth at length herein.

28. Third-Party Defendants Manheim and Y&O Auto owed a duty to its customers, including Lincoln Dodge, to exercise reasonable and due care when making representations about the mileage on the Plaintiff's Vehicle.

29. Third-Party Defendants Manheim and Y&O Auto breached their duty to Lincoln Dodge, as they negligently and careless misrepresented the mileage accurately on the Plaintiff's Vehicle that was purchased by the original defendant, Lincoln Dodge, as alleged in Plaintiff's Complaint.

30. The negligence, carelessness and/or recklessness of Third-Party Defendants Manheim and Y&O Auto includes but is not limited to:

a. Failing to properly investigate the history of the vehicle sold in this case to Lincoln Dodge;

b. Failing to properly investigate or research the dealer selling the vehicle through the auction;

c. Failing to provide accurate information as to the actual mileage on the vehicle;

d. Failing to accurately represent and/or investigate whether the mileage on the aforementioned vehicle was correct; and/or

e. Failing to use the appropriate degree of care, skill, foresight, and ability under the circumstance and/or by the law of the United States of America or the law of the applicable jurisdiction.

31. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Third-Party Defendants Manheim and Y&O Auto, Plaintiff sustained damages as set forth in Plaintiff's Complaint.

32. As a direct and proximate result of the negligence, carelessness, and/or recklessness of Third-Party Defendants, Manheim and Y&O Auto, Lincoln Dodge sustained economic damages.

33. Plaintiff's damages were caused solely by Third-Party Defendants, Manheim and Y&O Auto, and were in now way caused or contributed to by act or omission to act of original defendant, Lincoln Dodge.

34. If Lincoln Dodge is found liable to the Plaintiff in any way, Lincoln Dodge is entitled to equitable indemnification and contribution from Third-Party Defendants, Manheim and Y&O Auto as a result of their negligence.

WHEREFORE, Manheim Auto Auction and Y&O Auto Sale, Inc., are hereby joined as additional defendants, and are alone liable, jointly and severally liable, or liable to original defendant, Lincoln Dodge, Incorporated, by way of contribution or equitable indemnification, as well as for damages and expenses incurred directly or indirectly by Lincoln Dodge, Incorporated as a result of the negligence of Third-Party Defendants, Manheim and Y&O Auto Sale, Inc.

## COUNT II

**(*Breach of Contract*: Lincoln Dodge vs. Manheim and Y&O Auto)**

35. Lincoln Dodge hereby incorporates by reference paragraphs 1-34, inclusively, of this Third-Party Complaint as fully as though set forth at length.

36. Third-Party Defendants, Manheim and Y&O Auto, offered to sell the Plaintiff's vehicle for Seventeen Thousand, One Hundred Dollars ($17,100), indicating that the Plaintiff's Vehicle only had Twenty Three Thousand Five Hundred and Seventy Six (23,576) miles on it.

37. Lincoln Dodge accepted the offer of Manheim and Y&O Auto by paying Seventeen Thousand One Hundred Dollars ($17,100).

38. Lincoln Dodge paid the aforementioned Seventeen Thousand One Hundred Dollars ($17,100)

39. Assuming Plaintiff's allegations are correct, Third-Party Defendants Manheim and Y&O Auto failed to deliver a vehicle with Twenty Three Thousand Five Hundred and Seventy Six (23,576) miles on it.

40. Assuming Plaintiff's allegations are correct, Lincoln Dodge has incurred damages as a direct and proximate result of the breach caused by Third-Party Defendants Manheim and Y&O Auto.

41. Lincoln Dodge seeks revocation of its acceptance.

42. Lincoln Dodge seeks a refund of the contract price it paid for the vehicle as reflected on Exhibit "B".

43. If Lincoln Dodge is found liable to the Plaintiff in any way, Lincoln Dodge is entitled to equitable indemnification and contribution from Third-Party Defendants, Manheim and Y&O Auto as a result of their breach of contract.

WHEREFORE, Manheim Auto Auction and Y&O Auto Sale, Inc., are hereby joined as additional defendants, and are alone liable, jointly and severally liable, or liable to original defendant, Lincoln Dodge, Incorporated, by way of contribution or equitable indemnification, as well as for damages and expenses incurred directly or indirectly by Lincoln Dodge, Incorporated as a result of the breach of contract by Third-Party Defendants, Manheim and Y&O Auto Sale, Inc.

**JURY DEMAND**

Defendant, LINCOLN DODGE, INCORPORATED, demands a trial by jury to the fullest extent allowed by law.

Defendant,
By his Attorney,

/s/ Steven T. Hayes
Steven T. Hayes (#6017)
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.
40 Westminster Street, Suite 201
Providence, RI 02903
(401) 421-7110
(401) 421-7111 Fax

**CERTIFICATION OF SERVICE**

I hereby certify that on the 10th day of December, 2007 I caused the original of the within Answer to be e-filed to the Clerk of the United States District Court for the District of Rhode Island and a true copy sent to: **Edward G. Lawson, Jr., Esq.**, 260 Lonsdale Avenue, Pawtucket, RI 02860 via first-class pre-paid postage.

/s/ Steven T. Hayes
Zizik, Powers, O'Connell, Spaulding
& Lamontagne, P.C.