23,581 miles as of August 24, 2005, when in fact, said vehicle had at least 148,378 miles as February 17, 2004 in violation of Rhode Island General Laws, Chapter 31-23.2 *et seq.*, thereby inducing him to purchase said vehicle all to the detriment and deception of the plaintiff.

18. Plaintiff, by and through said deception and misrepresentation, purchased a vehicle from defendant Dodge valued substantially less than the $24,138.00 plaintiff paid for said vehicle.

19. As a direct and proximate result thereof, said defendants are liable to the plaintiff pursuant to Rhode Island General Laws, Chapter 31-23.2 *et seq.*, in the sum of three times his actual damages, plus punitive damages, attorney fees, interest and costs.

WHEREFORE, plaintiff, in addition to all other demands made within the jurisdiction of this court of defendants Dodge, Campellone, Bank, Joseph Doe and Warrantor, demands judgment as provided by the Rhode Island General Laws, Chapter 31-23.2 *et seq.*, in the sum of three times the actual damages suffered by the plaintiff, plus attorney fees, interest, costs and such other relief as this court deems fair.

**VII - COUNT III**

20. Plaintiff re-alleges all previous paragraphs as if fully set forth herein.

21. Defendants Dodge, Campellone, Joseph Doe, personally or by and through their respective representatives, knowingly altered, caused to be altered, knew or should have known, that the odometer on said vehicle was altered in violation of Rhode Island General Laws, Chapter 31-23.2 *et seq.*

22. Defendants Dodge, Campellone, Joseph Doe, personally or by and through their respective representatives, intentionally deceived and misrepresented the plaintiff that said vehicle had

23,581 miles as of August 24, 2005, when in fact, the vehicle had at least 148,378 miles as February 17, 2004 in violation of Rhode Island General Laws, Chapter 31-23.2 *et seq.*, thereby inducing him to purchase said vehicle all to the detriment and deception of the plaintiff.

23. Plaintiff, by and through said deception and misrepresentation, purchased a vehicle from defendant Dodge valued substantially less than the $24,138.00 plaintiff paid for said vehicle.

24. As a direct and proximate result thereof, said defendants in addition to being liable to the plaintiff in the sum of three times his actual damages, attorney fees, interest and costs, are liable to the plaintiff for punitive damages.

WHEREFORE, plaintiff, in addition to all other demands made within the jurisdiction of this court of defendants Dodge, Campellone, Bank, Joseph Doe and Warrantor, demand judgment as provided by the Rhode Island General Laws, Chapter 31-23.2 *et seq.*, for punitive damages suffered by the plaintiff, plus attorney fees, interest, costs and such other relief as this court deems fair.

## VIII - COUNT IV

25. Plaintiff re-alleges and incorporates herein the allegations set forth in all previous paragraphs.

26. Defendant Dodge committed unfair or deceptive acts or practices in violation of the State of Rhode Island Deceptive Trade Practices Statute, CHAPTER 6-13.1 *et seq.*, including but not limited to one or more of the following:

    a. altering or causing to be altered the odometer on the automobile with the intent to change the number of miles indicated thereon, in violation of the State Odometer

Act,

b. altering or causing to be altered the odometer on the automobile with the intent to change the number of miles indicated thereon, in violation of 49 U.S.C. § 32703(2),

c. giving false statements to a transferee (plaintiff) in making odometer disclosures, in violation of 49 U.S.C. § 32705(a) and 49 C.F.R. § 580.4.

27. Defendant Dodge committed the above unfair or deceptive acts or practices willfully.

28. As a result of the above willful violations of the State of Rhode Island Deceptive Practices Statute, defendant Dodge is liable to plaintiff for actual damages or $200.00 whichever is greater, plus punitive damages, attorney fees, costs, interest and such equitable relief as the court deems fair.

WHEREFORE, plaintiff demands judgment from defendant Dodge for it's willful violations of the State of Rhode Island Deceptive Practices Statute, for actual damages suffered by plaintiff or $200.00 whichever is greater, plus punitive damages, attorney fees, costs, interest and such equitable relief as this court deems fair.

## VIII - COUNT V

29. Plaintiffs re-allege all previous paragraphs as if fully set forth herein.

30. In altering or causing the odometer of the automobile to be altered, defendant Dodge made a false representation of fact as to the true mileage of the automobile.

33. The representation was made with full knowledge of it's falsity or with reckless disregard of the truth.

34. Defendant Dodge intended future purchasers to rely on the representation of the odometer reading.

35. Plaintiff justifiably relied on the false representation of the odometer reading. The odometer

reading played a material and substantial part in leading plaintiff to purchase the automobile.

36. As a proximate result of said false representation, plaintiff has incurred losses including the diminished value of the automobile, finance charges, insurance and property taxes, and lost wages.

37. Said false representation was made willfully, recklessly, maliciously or with intent to injure and defraud future purchasers. Plaintiff is entitled to punitive damages in an amount within the jurisdiction of this court.

WHEREFORE, plaintiff demands judgment of defendant Dodge for the diminished value of said vehicle, finance charges, insurance and property taxes, and lost wages, plus punitive damages, costs, interest, attorney fees and such other relief as this court deems fair.

## IX - COUNT V

38. Plaintiff re-alleges and incorporates herein all previous paragraphs set forth herein.

39. The representations made by the figures on the odometer itself and by the odometer disclosure statement attached as Exhibit 3, the automobile had been driven 23,581 miles and the representations by defendant John Doe that the automobile had "low mileage" were [each] affirmations of fact or promises which became part of the basis of the bargain between plaintiff and defendants Dodge, John Doe and Joseph Doe.

40. Those representations were not true. Defendants Dodge, John Doe and Joseph Doe breached their express warranties to plaintiff.

41. As a proximate result of defendants Dodge, John Doe and Joseph Doe's breach of express warranty, plaintiff has incurred losses equal to the difference between the value of the automobile as warranted and the automobile as delivered, plus incidental and consequential

damages including repair costs, lost wages, finance charges, insurance, property taxes, and all to his damage in and amount within the jurisdiction of this court.

WHEREFORE, plaintiff demands judgment in an amount within the jurisdiction of this court for losses incurred equal to the difference between the value of the automobile as warranted and the automobile as delivered, plus incidental and consequential damages including repair costs, lost wages, finance charges, insurance, property taxes, interest, costs, attorney fees, and for such other relief as this court deems equitable.

**X - COUNT VII**

42. Plaintiff re-alleges and incorporates herein all previous paragraphs set forth herein.

43. On or about August 19, 2004, plaintiff entered into a purchase and sales agreement with the Seller (see Exhibit 1).

44. The parties then entered into a retail installment contract (Exhibit 11 attached hereto and made a part hereof) which assigned the installment agreement to defendant Bank.

45. Defendant Bank, as assignee, is vicariously liable for defendant Dodge, who by and through their representatives, knowingly and intentionally defrauded, deceived and misrepresented the plaintiff, pursuant to Federal Trade Commission Holder in Due Course Rule ("Holder Rule") under Regulatory Flexibility Act, 16 C.F.R. pt. 433.

WHEREFORE, plaintiff, in addition to all other demands made within the jurisdiction of this court of all defendants, demands judgment against defendant Bank, for an amount not to exceed the amount paid to defendant Bank, toward the debt by the plaintiff pursuant to said Holder Rule, plus interest, costs, attorney fees, and such other relief as this Court deems fair.

**XI - COUNT VII**

46. Plaintiff re-alleges and incorporates herein all previous paragraphs set forth herein.

47. On or about August 19, 2004, plaintiff entered into a retail sales agreement with plaintiff Dodge (Exhibit 1) for the purchase of said vehicle and, a certain warranty agreement for the additional sum of $1,550.00 which was their "premium" plan entitled "Plan F (PH) Hi-Tech" (see Exhibit 2), which extended the warranty of said vehicle an additional 36 months and 36,000 miles and which covered the repair and/or replacement of any engine components or parts that may have malfunctioned.

48. Defendant Dodge entered into said warranty agreement with plaintiff on behalf of and as representative of defendant Warrantor.

49. Upon receipt of said warranty agreement, which included a complete description of the vehicle and it's VIN, defendant Warrantor had the duty and responsibility to examine the title and odometer statement of said vehicle to determine whether said agreement was acceptable and if not, so advise the plaintiff.

50. Almost a year later in the spring of 2005, upon information and belief, defendant Warrantor apparently rejected the application to reimburse defendant Dodge for the requisite repairs to plaintiff's vehicle which, upon information and belief, was presumed by the plaintiff to have been presented to Warrantor by defendant Dodge.

51. For allowing such an extended period of time to lapse between the time it accepted said warranty agreement, through it's representative defendant Dodge, and the presumed application by defendant Dodge seeking reimbursement for the repair of said vehicle, defendant Warrantor is precluded and estopped from asserting any claim that the vehicle odometer or any other aspect of said vehicle, was misrepresented to it and accordingly, is liable to the plaintiff for any and all damages incurred by the plaintiff as a result of defendant Warrantor's refusal or rejection of said repair claim.

WHEREFORE, plaintiff demands judgment of defendant Warrantor for the diminished value of said vehicle, finance charges, insurance and property taxes, and lost wages, plus punitive damages, costs, interest, attorney fees and such other relief as this court deems fair.

Plaintiff,
By his attorney:

Edward G. Lawson, Jr. RI/Fed Bar #0517
260 Lonsdale Avenue
Pawtucket, RI 02860
(401) 725-1810
(401) 725-2244 fax