EXHIBIT
A

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

EDWARD PENDERGRASS

V. C.A. No.: 07-

CA 07 338S

LINCOLN DODGE, INCORPORATED, and ROBERT J. CAMPELLONE, Alias, Individually and in his capacity as President, JOHN DOE, alias, JOSEPH DOE, alias, FIRST EXTENDED SERVICE CORPORATION and DAIMLER CHRYSLER FINANCIAL SERVICES AMERICAS, LLC.

## COMPLAINT

## I - INTRODUCTION

1. This is an action brought by Plaintiff Edward Pendegrass to recover actual, statutory and punitive damages, reasonable attorneys fees, and costs from defendant Lincoln Dodge, Incorporated and other named defendants, for altering an odometer and giving false disclosures about the mileage of a motor vehicle and from defendant Robert J. Campellone and/or his or defendant Dodge representatives, for giving false disclosures about the mileage of a motor vehicle. These acts violated sub-chapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 *et seq.*, hereafter the Federal Odometer Act; Rhode Island General Laws 31-23.2 *et seq.*, or constituted fraudulent misrepresentation; Defendants Robert J. Campellone and Lincoln Dodge, Incorporated, also breached an express warranty given to Plaintiff.

## II - JURISDICTION

2. Jurisdiction of this court arises under 49 U.S.C. § 32710(b), 28 U.S.C. §§ 1331 and 1337, and under the doctrine of supplemental jurisdiction as set forth in 28 U.S.C. §

1367.

## III - Parties

3. Plaintiff Edward Pendegrass is a resident of the Town of Cumberland, State of Rhode Island.

4. Defendant Lincoln Dodge, Incorporated. (herein referred to as "Dodge") is a Rhode Island corporation with offices at 618 George Washington Highway, Lincoln, RI and is in the business of selling and servicing new and used motor vehicles.

5. Defendant Robert J. Campellone is the president of Dodge, who is being sued in his capacity as an individual and President of Dodge, hereinafter referred to as "Campellone".

6. Defendant John Doe is an employee of defendant Dodge directly responsible for the negotiating and selling of said vehicle to plaintiff.

7. Defendant Joseph Doe is an employee of defendant Dodge directly responsible for the purchasing of used vehicles for sale by defendant Dodge.

8. Defendant First Extended Service Corporation (hereinafter referred to as "Warrantor") is, upon information and belief, a Texas corporation with offices in Dallas, Texas but which has sufficient minimum contacts with the State of Rhode Island through it's representation by defendant Dodge, to allow the Superior Court of Rhode Island to have jurisdiction over said Warrantor.

9. Defendant DaimlerChrysler Financial Services Americas LLC is a banking institution with a main office located in Framington Hills, MI and is incorporated under the laws of the State of Michigan, but also registered with the Secretary of the State of RI, and hereinafter referred to as "Bank". Bank has sufficient minimum contacts with the State of Rhode Island to allow the Superior Court of Rhode Island to have jurisdiction over Bank.

## IV - STATEMENT OF FACTS

10. On or about August 19, 2004, the plaintiffs entered into a contract with Sellers for the purchase of a used vehicle, namely a 2002 Dodge Durango SUV bearing a vehicle identification number of 1B4HS48N02E146514, for a total cash price of $24,118.00 as per attached Purchase and Sales Contract made a part hereof and referred to as Exhibit 1. Said purchase and sales agreement (Exhibit 1) included an extended warranty package from First Extended Service Corporation through defendant Dodge which was a dealer therefore, for which plaintiff had paid an additional $1,550.00 (Exhibit 2 attached hereto and made a part hereof).

11. On said purchase date the odometer on the 2002 Dodge Durango SUV bearing a vehicle identification number of 1B4HS48N02E146514, read 23,581 miles as per the attached Odometer Disclosure Statement, was executed by a representative of defendant Dodge, made a part hereof and referred to as Exhibit 3. Said document was provided to plaintiff by a representative of defendant Dodge which plaintiff accepted in good faith.

12. Said odometer certification was presented to plaintiff as a true and accurate statement of the odometer reading of said vehicle purchased by plaintiff from defendant Dodge.

13. Said representative and defendants Dodge and Campellone knew or should have known that said odometer certification was false.

14. Defendant Campellone, as part of his duties as president of defendant Dodge, regularly buys and sells used automobiles or causes same to bought and sold. He knew or should have known that te mileage and the vehicle in question was substantially in excess of that shown on the odometer and on the disclosure presented to the plaintiff.

15. Defendant Joseph Doe, as part of his duties as a representative and employee of defendant Dodge, regularly buys and sells used automobiles on behalf of defendant Dodge. He knew

or should have known that the mileage and the vehicle in question was substantially in excess of that shown on the odometer and on the disclosure presented to the plaintiff.

16. Defendant Campellone, as part of his duties in respect to purchasing and selling used motor vehicles, has the responsibility to inspect and examine the documentation received with each vehicle he purchases or causes to be purchased and accordingly, had access to the actual mileage of the vehicle in question. Had he researched the history of said vehicle, defendant Campellone or his representative, would have secured the title certificate from the Commonwealth of Kentucky and as a consequence, he would have or should have been aware that the actual mileage of said vehicle was at least 148,378 miles as per attached certificate from said Commonwealth (Exhibit 4 attached hereto and made a part hereof).

17. Defendant Joseph Doe, as part of his duties in respect to purchasing and selling used motor vehicles on behalf of defendant Dodge, has the responsibility to inspect and examine the documentation received with each vehicle he purchases or causes to be purchased and accordingly, had access to the actual mileage of the vehicle in question. Had he researched the history of said vehicle, he would have secured the title certificate from the Commonwealth of Kentucky and as a consequence, he would have or should have been aware that the actual mileage of said vehicle was at least 148,378 miles as per attached certificate from said Commonwealth (see Exhibit 4).

18. During the month of either April or May, 2005, said 2002 Dodge Durango SUV began developing a "rap" in it's engine. Thereafter plaintiff attempted to drive said vehicle to defendant Dodge to be repaired. While on route said vehicle completely broke down and defendant Dodge towed said vehicle to it's facility in Lincoln.

19. Defendant Dodge, after examining said vehicle and upon information and belief, contacted

and relayed the repair information along with the VIN of said vehicle to Warrantor which, upon information and belief, after checking the VIN and realizing the mileage was substantially in excess of the stated mileage on the odometer certificate and substantially in excess of the mileage limits of it's warranty, refused to honor the automobile warranty the plaintiff had purchased as part of the total cash price paid by the plaintiff to Dodge for said vehicle.

20. Further, upon information and belief, defendant Dodge refused to honor said warranty it had sold to the plaintiff for reasons substantially the same as Warrantor.

21. Defendant Dodge and/or it's representatives, however, did not fully inform plaintiff the exact reasons why they refused to repair said vehicle allegedly informing the plaintiff that it was his fault the engine in said vehicle failed.

22. Plaintiff, frustrated, not knowing what to do, and without sufficient funds to repair said vehicle, left the vehicle at defendant Dodge whereupon defendant Dodge took possession of said vehicle.

23. Plaintiff, sometime in June, 2005, received a Notice After Repossession or Voluntary Surrender from Chrysler Financial setting a date for public auction on or about August 24, 2005 (a copy of which is attached hereto, made a part hereof and referred to as Exhibit 5). Thereafter, upon information and belief, said vehicle was sold at public auction and defendant Bank through it's representatives, now seeks the sum of $13,603.40 as per attached Statement of Account (Exhibit 6 attached hereto and made a part hereof).

24. Sometime thereafter, during the year 2006, plaintiff learned that his vehicle, along with more than 600 other vehicles, had been subject to odometer tampering, and accordingly, received a letter from the United States Department of Transportation indicating that said

2002 Dodge Durango SUV bearing a vehicle identification number of 1B4HS48N02E146514 actually had at least 148,378 miles on February 17, 2004, at least six months prior to the purchase of said vehicle by plaintiff. A copy of said letter which is undated, is attached hereto, made a part hereof and referred to as Exhibit 7.

25. On or about March 7, 2006, plaintiff received a letter from the U. S. Department of Justice, Middle District of Pennsylvania, advising him that federal criminal charges were filed against a certain James Bradbury who, as an employee of the Pennsylvania Department of Transportation, unlawfully accepted payments to handle difficult title problems including altered odometers (Exhibit 8 attached hereto and made a part hereof).

26. On or about September 22, 2007 plaintiff received another letter from the Department of Justice advising him of the trail of the title of said vehicle and enclosing a copy of the Kentucky title certificate (letter attached hereto as Exhibit 9 and made a part hereof).

27. On or about June 13, 2006, a letter demanding compensation pursuant to Rhode Island General Laws, Chapter 31-23.2 *et seq*. (herein referred to as exhibit10 attached hereto and made a part hereof) was mailed to defendant Dodge to which said defendant did not respond.

**V - COUNT I**

10. Plaintiff re-alleges all previous paragraphs as if fully set forth herein.

11. Defendants Dodge, Campellone, Joseph Doe, personally or by and through their respective representatives, altered, caused to be altered, knew or should have known, that the odometer on said vehicle was altered in violation of sub-chapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 *et seq*

12. Defendants Dodge, Campellone, Joseph Doe, personally or by and through their respective

representatives, intentionally deceived and misrepresented the plaintiff that said vehicle had 23,581 miles as of August 24, 2005, when in fact, the vehicle had at least 148,378 miles as February 17, 2004 in violation of sub-chapter IV of the Motor Vehicle Information and Cost Saving Act, 49 U.S.C. § 32701 *et seq*., thereby inducing him to purchase said vehicle all to the detriment and deception of the plaintiff.

13. Plaintiff, by and through said deception and misrepresentation, purchased a vehicle from defendant Dodge valued substantially less than the $24,138.00 plaintiff paid for said vehicle.

14. As a direct and proximate result thereof, said defendants are liable to the plaintiff in the sum of three times his actual damages or $1,500.00 which ever is greater, plus attorney fees, interest and costs.

WHEREFORE, plaintiff, in addition to all other demands made within the jurisdiction of this court of defendants Dodge, Campellone, Bank, Joseph Doe and Warrantor, demands judgment in the sum of three times the actual damages suffered by the plaintiff or $1,500.00 which ever is greater, plus attorney fees, interest, costs and such other relief as this court deems fair.

**VI - COUNT II**

15. Plaintiff re-alleges all previous paragraphs as if fully set forth herein.

16. Defendants Dodge, Campellone, Joseph Doe, personally or by and through their respective representatives, knowingly altered, caused to be altered, knew or should have known, that the odometer on said vehicle was altered in violation of Rhode Island General Laws, Chapter 31-23.2 *et seq.*

17. Defendants Dodge, Campellone, Joseph Doe, personally or by and through their respective representatives, intentionally deceived and misrepresented the plaintiff that said vehicle had