**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

EDWARD PENDERGRASS

V. C.A. NO.: 07-338S

LINCOLN DOGE, INCORPORATED, and
ROBERT J. CAMPELLONE, alias, Individually
And in his capacity as President, JOHN DOE, alias,
JOSEPH DOES, alias, FIRST EXTENDED
SERVICE CORPORATION and DAIMLER CHRYSLER
FINANCIAL SERVICES AMERICAS, LLC.

# PLAINTIFF'S PRE-TRIAL STATEMENT

## I. SUMMARY OF FACTS

On or about August 19, 2004, Mr. Pendergrass purchased a 2002 Dodge SUV for $24,118.00 from Lincoln Dodge along with an extended warranty contract for an additional $1,500.00 provided by First Extended Service Corporation. The odometer stated the vehicle had approximately 23,581 miles. He was allowed a trade in of his vehicle of $5,500.00 and financed the balance with Daimler Chrysler Financial Services, LLC.

Thereafter Mr. Pendergrass made approximately nine payments on this vehicle at about $485.00 per month until in either April or May, 2005, the vehicle began developing engine problems. He so advised Lincoln Dodge which advised him to bring the vehicle in for service. On the day he was returning the vehicle it broke down on the way and was towed to the defendant's premises.

Upon information and belief, when Lincoln Dodge submitted the VIN to the warranty provider it was rejected due to a problem with the title. Plaintiff made several calls to the dealer after bringing the vehicle to it, however, the dealer refused to either repair the vehicle or straighten out the title problem. Not knowing what to do, Pendergrass let the vehicle remain with the dealer who also took no further action.

Apparently, the vehicle was purchased by Lincoln Dodge from a large auction routinely held in the Pennsylvania area (Manheim Auction). The vehicle had been owned by a leasing company based in Ohio and with a Kentucky title and had actually been driven 148,378 miles. This vehicle was one of approximately 600 that had been tampered with and several individuals in the Pennsylvania area were prosecuted and convicted of federal odometer tampering.

Eventually, the finance company repossessed the vehicle and is now holding Pendergrass responsible for $13,603.40. He spent $578.00 in repairs, and incurred a $1,900.00 insurance bill.

Some time after the vehicle broke down, the plaintiff was forced to purchase an inexpensive van for alternate transportation at a cost of $3,000.00.

## II. ELEMENTS REQUIRED TO BE PROVEN

| | ELEMENT | CITATION |
|---|---|---|
| 1. | Value of vehicle with fraudulent miles minus value of vehicle with actual mileage. | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 2. | Lessened resale value with altered odometer | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 3. | Increased finance charges on fraudulently inflated value | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 4. | Increased insurance costs on fraudulently inflated value | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 5. | Increased taxes on fraudulently inflated value | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 6. | Cost of unanticipated repairs and maintenance | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 7. | Time spent resolving problems created by fraud. | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 8. | That Lincoln Dodge acted fraudulently | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 9. | That Lincoln Dodge knew or should have known that the title was defective | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 10. | That Lincoln Dodge failed to follow due diligence | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 11. | That Lincoln Dodge failed to honor the warranty | 49 USC 32710, 49 CFR Sect. 580.1 - |

| | | |
|---|---|---|
| | | 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |
| 12. | That First Extended Service Corporation failed to honor it's warranty sold to the plaintiff | 49 USC 32710, 49 CFR Sect. 580.1 - 580.16, RIGL 31-23.2 & Seq., RIGL 6-13.1 |

Respectfully submitted
For the plaintiff
By his attorney,

/s/ Edward G. Lawson, Jr.

EDWARD G. LAWSON, JR. #0517
260 Lonsdale Avenue
Pawtucket, RI 02860
401-725-1810
401-725-2244 fax

CERTIFICATION

I hereby certify that on May 5, 2008, I electronically filed with the U. S. Disctrict Court the Plaintiff's Pre-Trial Statement and to Sarah Taft-Carter, Esq., Taft & McSally, LLP 21 Garden City Drive Cranston, RI 02920, and faxed and mailed said Statement to Steven T. Hayes, Esq., Zizik, Powers, O'Connell, Spaulding & Lamontagne, P.C., 40 Westminister Street, Providence, RI 02903.

/s/ Edward G. Lawson, Jr.